## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARTIN J. WALSH, SECRETARY OF )
LABOR, UNITED STATES DEPARTMENT )
OF LABOR, )
          )
          Petitioner, )    Misc. Action No. 3:21-mc-24
          )    Judge Stephanie L. Haines
    vs. )
          )
DUPENN, INC. d/b/a IGM CARBON, )
          )
          Respondent.

### **MEMORANDUM ORDER**

Pending before the Court is Petitioner Martin J. Walsh's Motion for Adjudication of Civil Contempt (ECF No. 8). For the following reasons, the Court will GRANT the motion as provided herein.

### I.   **Procedural and Factual Background**

On May 4, 2021, Petitioner Martin J. Walsh as the Secretary of Labor for the United States Department of Labor ("Petitioner") filed a Petition to Enforce Administrative Subpoena (ECF No. 1) and Memorandum of Law in Support of Petition to Enforce Administrative Subpoena (ECF No. 2). The administrative subpoena Petitioner sought to enforce was issued pursuant to ERISA Section 504 and served to Respondent DuPenn, Inc. d/b/a IGM Carbon ("Respondent") on January 26, 2021 (ECF Nos. 2-1 and 2-2 at ¶6). Pursuant to the Petition (ECF No. 1), on June 9, 2021, the Court issued an Order (ECF No. 5) scheduling a hearing on July 13, 2021 at 1:30 p.m. by Zoom videoconference for Respondent to show cause why it should not be required to produce all of the documents requested in the attachment to the administrative subpoena.

At the July 13, 2021 hearing, Petitioner made a prima facie showing of statutory authority,

1

legitimate purpose, and reasonable relevance.  Specifically, Petitioner's counsel, Attorney Angela France, indicated to the Court that: (1) Petitioner's Employee Benefits Security Administration ("EBSA") initiated the investigation relating to the issuance of the administrative subpoena for a legitimate reason pursuant to Section 504 of ERISA, 29 U.S.C. §1134; (2) the documents requested are all relevant and necessary to the completion of the EBSA's investigation; (3) Petitioner did not already possess the requested documents; and (4) Petitioner complied with the requisite administrative steps for issuance of the subpoena.  Attorney France also indicated that she emailed, and sent via certified mail, the Court's June 9, 2021 Order (ECF No. 5) to Respondent's representative, Patrick Bankovich, and that she provided Mr. Bankovich with notice of the July 13, 2021 show cause hearing and the Zoom videoconference access information to attend the hearing.  Respondent did not attend the July 13, 2021 hearing, has not filed anything in this matter to date, and thus failed to adduce any compelling reasons why the administrative subpoena should not be enforced.

Following the July 13, 2021 hearing, the Court granted the Petition to Enforce Administrative Subpoena and ordered Respondent to produce all documents covered by the administrative subpoena by delivering the documents to the EBSA's Philadelphia regional office within 7 days of the date of the Order (ECF No. 7).  On September 27, 2021, Petitioner filed the instant Motion for Adjudication of Civil Contempt (ECF No. 8) and Memorandum of Law in Support of Motion for Adjudication of Civil Contempt (ECF No. 10).  In its motion, Petitioner states that its counsel served Respondent and Mr. Bankovich, with a copy of the July 13, 2021 Order (ECF No. 7) via first class mail, certified mail, and email (ECF No. 8 at ¶8).  However, at the time of the filing of the motion, Respondent had not produced any of the documents covered by the administrative subpoena.  *Id.* at ¶¶10-11.

Based on Respondent's failure to comply with the Court's July 13, 2021 Order (ECF No. 7), Petitioner's Motion for Adjudication of Civil Contempt (ECF No. 8) requests (1) Respondent to be adjudged in civil contempt for failing to comply with the July 13, 2021 Order (ECF No. 7) requiring Respondent to produce the documents requested in the administrative subpoena; (2) Respondent shall be required to produce all documents requested to EBSA investigator Sean White via email at white.sean.d@dol.gov within one day of the date of the Court's order on its motion; (3) Respondent shall be required to pay a coercive fine of $250.00 per day for each day after the deadline to produce the requested documents; and (4) Respondent shall be required to pay the Secretary of Labor a compensatory fine equal to the fees and costs associated with the filing of the Motion for Adjudication of Civil Contempt (ECF No. 8-4).

The Motion for Adjudication of Civil Contempt (ECF No. 8) also requested the Court issue an order requiring Respondent to appear promptly before the Court to show cause why Respondent had not complied with the Court's July 13, 2021 Order (ECF No. 7). Accordingly, on September 28, 2021, the Court scheduled a hearing for November 10, 2021, ordered Respondent to appear and show cause on that date as to why it should not be adjudged in civil contempt, and directed Petitioner to provide notice of the hearing to Respondent (ECF No. 11). On November 9, 2021, the Court rescheduled the show cause hearing for December 8, 2021 and again directed Petitioner to provide notice of the hearing to Respondent (ECF No. 12).

On December 7, 2021, Petitioner filed a Motion for Continuance of Hearing on Petitioner's Motion for Adjudication of Civil Contempt (ECF No. 13). In that motion, Petitioner indicated Respondent recently contacted Petitioner to communicate its written agreement to provide the documents requested in the administrative subpoena to the EBSA. Based on that communication, Petitioner asked the Court to continue the December 8, 2021 hearing to a date after January 14,

2022 to allow time for Respondent to comply with the Court's July 13, 2021 Order (ECF No. 7). The Court granted the motion for continuance, rescheduled the show cause hearing for January 27, 2022, and ordered Petitioner to provide notice of the January 27, 2022 hearing and the Zoom invitation information to Respondent (ECF No. 14).

On January 27, 2022, the Court conducted a show cause hearing via Zoom videoconference (ECF No. 15). At the hearing, Petitioner presented testimony from EBSA investigator Sean White. Mr. White testified that, while he had received some documents from Respondent in response to the administrative subpoena, Respondent still substantially failed to comply with the majority of the administrative subpoena's document requests. Petitioner requested the Court hold Respondent in contempt if it did not comply with the administrative subpoena within 7 days of the date of the Court's Order on its Motion for Adjudication of Civil Contempt (ECF No. 8). Respondent did not attend the January 27, 2022 hearing, and to date, has failed to file an appearance in this matter.

## II. Legal Standard

Courts possess "inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. United States*, 384 U.S. 364, 370 (1966) (citing *United States v. United Mine Workers*, 330 U.S. 258, 330–332 (1947)). This power to punish contempt is a necessary and integral part of the independence of the judiciary, and is absolutely essential to the performance of the duties imposed on them by law. Without it they are mere boards of arbitration, whose judgments and decrees would be only advisory. *Gompers v. Bucks Stove & Range Co.*, 221 U.S. 418, 450 (1911); *Roadway Express v. Piper*, 447 U.S. 752, 764 (1980) (a judge must have and exercise with restraint and discretion the inherent power of the contempt sanction in order to protect the due and orderly administration of justice and to maintain the authority and dignity of the court).

Civil contempt sanctions are "penalties designed to compel future compliance with a court order, [and] are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard." *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827–828 (1994); *see Roe v. Operation Rescue*, 919 F.2d 857, 868 (3d Cir. 1990). In fashioning sanctions for civil contempt, a district court may impose a wide range, including incarceration, fines, or a reimbursement of costs to the complainant. *Tracfone Wireless, Inc. v. LaMarsh*, 307 F.R.D. 173, 175 (W.D. Pa. 2015) (citing *Shulman v. Chromatex*, Civil Action No. 3:08-CV-0229, 2012 WL 3289006, at *3 (M.D. Pa. Aug. 10, 2012)).

To prove civil contempt, the court must find that: (1) a valid court order existed; (2) the defendant had knowledge of the order; and (3) the defendant disobeyed the order. *See Harris v. City of Phila.*, 47 F.3d 1311, 1326 (3d Cir. 1995) (internal citations omitted). These elements must be established by clear and convincing evidence. *Id.* at 1321. "Clear and convincing" evidence is defined as that which "produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct, …weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts…" *Cruzan by Cruzan v. Director, Mo. Dept. of Health*, 497 U.S. 261, 285 n. 11 (1990).

### III. Analysis

Respondent has failed to comply with the Court's July 13, 2021 Order (ECF No. 7) requiring it to produce the requested documents within 7 days to the EBSA's investigator Sean White. Petitioner has represented to the Court that it has served Respondent and Respondent's representative Patrick Bankovich with the notice of the July 13, 2021 hearing and the July 13, 2021

Order (ECF No. 7), as well as all other documents of record in this matter.  Petitioner has made service of these documents and Court Orders to Respondent's representative Mr. Bankovich by email to an email address known to be used by Mr. Bankovich (ECF No. 8-1 at p. 99-100).

At the January 27, 2022 hearing, Petitioner presented evidence indicating Respondent had produced some documents in response to the administrative subpoena, but had not produced documents as to the majority of the administrative subpoena's document requests or otherwise attested it is not in possession of such documents.  Respondent has therefore substantially failed to comply with this Court's July 13, 2021 Order (ECF No. 7).  The Court has afforded Respondent the opportunity to be heard on why the administrative subpoena should not be enforced and later, on why Respondent should not be held in civil contempt, but Respondent failed to attend either hearing.

The record reflects Respondent had knowledge of the July 13, 2021 Order (ECF No. 7) requiring his compliance with the administrative subpoena but has continued to disobey that Order. The Court therefore finds by clear and convincing evidence that Respondent is in civil contempt of a valid court order and coercive fines and costs are warranted to ensure future compliance.  The Court will impose the sanctions requested by Petitioner at the January 27, 2022 hearing.  However, to purge itself of contempt, Respondent need only (1) comply with the contempt order or (2) show by clear and convincing evidence that he or she is unable to do so through factual impossibility. *United States v. Rylander*, 460 U.S. 752, 757 (1983).

Accordingly, the following Order is entered:

## **ORDER**

AND NOW, this 2nd day of February, 2022  IT IS HEREBY ORDERED that Petitioner's Motion for Adjudication of Civil Contempt (ECF No. 8) is GRANTED, and,

IT IS FURTHER ORDERED that Respondent is adjudged in civil contempt for failing to comply with the July 13, 2021 Order (ECF No. 7) requiring Respondent to produce the documents requested in the administrative subpoena issued by the Employee Benefits Security Administration, an Agency of the U.S. Department of Labor ("EBSA"), and,

IT IS FURTHER ORDERED that Respondent is required to produce all documents requested in EBSA's administrative subpoena by delivering all such documents to EBSA Investigator Sean White via electronic mail at white.sean.d@dol.gov within 7 days of the date of this Order, and,

IT IS FURTHER ORDERED that beginning on February 10, 2022, Respondent is required to pay a coercive fine of $250.00 per day to the Clerk of Court for the Western District of Pennsylvania, until such time as Respondent complies with the Court's July 13, 2021 Order (ECF No. 7) enforcing Petitioner's administrative subpoena; and,

IT FURTHER IS ORDERED that Respondent is required to pay the Secretary of Labor a compensatory fine equal to the fees and costs associated with the filing of the Motion for Adjudication of Civil Contempt (ECF No. 8); and,

IT IS FURTHER ORDERED that the ERISA statutes of limitations set forth at 29 U.S.C. § 1113 shall be equitably tolled from February 12, 2021 until and including such time as the Petitioner notifies this Court that Respondent has fully and completely complied with the administrative subpoena and the Court's July 13th Order (ECF No. 7).

Stephanie L. Haines
United States District Judge

cc/ecf:  All counsel of record